UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RANJAN KURETI,**

    **Plaintiff,**

v.                                         Case No: 8:24-CV-01957-MSS-AEP

**COAST PROFESSIONAL, INC.;**
**PNC NATIONAL BANK, N.A.**

    **Defendant.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Coast Professional, Inc.'s ("Coast") Motion to Dismiss the Second Amended Complaint, (Dkt. 23), Plaintiff's response in opposition thereto, (Dkt. 32), Defendant PNC National Bank, N.A.'s ("PNC") Motion to Dismiss the Second Amended Complaint, (Dkt. 36), and Plaintiff's response in opposition. (Dkt. 39) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court orders that Defendant Coast's and Defendant PNC's Motions to Dismiss the Complaint are **GRANTED**.

    **I.  BACKGROUND**

On August 20, 2024, Plaintiff filed the Complaint against Coast. On August 30, 2024, Plaintiff filed a First Amended Complaint. On January 10, 2025, Plaintiff filed the Second Amended Complaint including Coast and PNC as Defendants. This

Complaint is the subject of the instant Motions to Dismiss.

The Second Amended Complaint ["the Complaint'"] alleges Plaintiff executed a promissory note for a $100,000 Small Business Loan from PNC and granted a mortgage on Plaintiff's New Jersey property in 2007. (Dkt. 17 at ¶ 10) "At some point in the process, PNC transferred responsibility for collection of the debt obligation . . . to the Small Business Administration ["SBA"]". (Id. at ¶ 15,) On March 27, 2013, PNC informed Plaintiff that it was releasing the mortgage. (Id. at ¶ 17) Plaintiff asserts that the debt was satisfied when PNC released the mortgage. Plaintiff also attaches an SBA ledger to the complaint showing a principal balance on the mortgage as $92,343.96 as of November 26, 2008, and admits there may have been a balance due in 2009 but contends any debt obligation was satisfied with the mortgage release in 2013. (Id. at Exhibit E, ¶¶ 13, 16)

In 2022, Plaintiff began to receive collection letters from Coast, a private debt collector on behalf of the U.S. Department of the Treasury, Bureau of the Fiscal Service, ("Fiscal Service"), for the debt. (Id. at ¶ 19). Fiscal Service later began applying Plaintiff's Social Security payments to the alleged debt owed. (Id. at Exhibit M) Plaintiff is now suing Coast and PNC for violations of procedural due process, negligence, and restitution, and suing Coast for failure to verify debt. (Id. at ¶¶ 31-56). Plaintiff cites to the U.S. Constitution and the Fourteenth Amendment for the violation of due process count but fails to cite any legal authority for the other four counts.

Plaintiff asserts subject matter jurisdiction is proper for the due process claim

pursuant to 28 U.S.C. § 1331 and for all other claims under 28 U.S.C. § 1332 "as this is a matter between citizens of different states and the amount in controversy exceeds $75,000." (Id. at ¶ 6) Plaintiff asserts venue is proper because Plaintiff is domiciled in Clearwater Beach, Florida. (Id. at ¶ 7).

## II.   DEFENDANT COAST'S MOTION TO DISMISS

Defendant Coast's Motion to Dismiss is premised on a lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1] Federal District Courts have jurisdiction over subject matters arising under federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. Federal question jurisdiction provides courts with original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction is proper when all opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Plaintiff contends the court has federal question jurisdiction over Count I, (Dkt. 17 at ¶ 5), and diversity jurisdiction over all other Counts. (Dkt. 17 at ¶ 6) Defendant Coast makes a facial challenge to subject matter jurisdiction of this Court over all the claims in the Complaint. (Dkt. 23 at 5) When addressing a facial challenge to subject matter jurisdiction, the Court treats the allegations in the Complaint as true. See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990); Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)[2] ("A motion to dismiss for lack of subject matter

---

[1] The Court will not reach the 12(b)(6) claim due to the lack of subject matter jurisdiction.
[2] See Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent in the

3

jurisdiction . . . on the face of the complaint . . ." provides the Plaintiff with "safeguards similar to those retained [with] a Rule 12(b)(6) motion").

### a. Federal Question Jurisdiction

Count I alleges a violation of due process under the Constitution of the United States and the Fourteenth Amendment of the Bill of Rights by Defendants PNC and Coast. Plaintiff seemingly alleges a violation of procedural due process, stating "[t]he failure of PNC and Coast to notify the Plaintiff of the alleged debt . . . is a violation of Plaintiff's due process rights." (Dkt. 17 at ¶ 37)

A person's due process rights can only be violated by governmental entities, not private parties. The Supreme Court has noted that since the Civil Rights Cases, 109 U.S. 3 (1883), this "principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States." Shelley v. Kraemer, 334 U.S. 1, 13 (1948). "That Amendment erects no shield against merely private conduct, however discriminatory or wrongful." Id.; see also Jackson v. Metro. Edison Co., 419 U.S. 345 (1974); Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970). Private parties may be subject to the Fourteenth Amendment regulation, but only in the following few instances: (i) when the private party exercises a power "traditionally exclusively reserved to the State," see e.g., Jackson v. Metro. Edison Co., 419 U.S. 345 (1974), (ii) "when the state has so far insinuated itself into a position of interdependence with the

---

Eleventh Circuit all decisions of the former Fifth Circuit announced prior to October 1, 1981).

private party that it was a joint participant in the enterprise," Focus on the Fam. v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (internal quotations omitted); or (iii) when the state "has coerced or at least significantly encouraged the action alleged to violate the Constitution." Id. The alleged conduct of Coast does not fall under any of these tests.

Furthermore, the Supreme Court has long held that "the fact that the government licenses [or] contracts with a private entity does not convert the private entity into a state actor—unless the private entity is performing a traditional, exclusive public function." Manhattan Community Access Corp. v. Halleck, 587 U.S. 802 (2019) (collecting cases); see also Polk Cnty. v. Dodson, 454 U.S. 312, 325, (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

Plaintiff alleges that because Coast is "a private collection agency on behalf of the U.S. Department of Treasury," (Dkt. 32 at 3, Exhibit B), Coast a state actor. Plaintiff does not allege that Coast is performing a power traditionally exclusively reserved to the government. Plaintiff does not allege that Coast's conduct is so entwined with the state as to make them inseparable, nor does Plaintiff allege that the Government coerced Coast. Rather, it is apparent from Plaintiff's Response and Exhibit B in the Response, (Dkt. 32), that Coast is a private party that was contracted to collect Plaintiff's debt owed to the Small Business Administration through the U.S. Department of Treasury. The contract of a private party with a government entity does not convert the private action into state action.

Coast sent notices of collection efforts and notices of administrative garnishment proceedings. (Dkt. 17 at Exhibit K) ("This notice is from Coast Professional Inc., a private collection agency on behalf of the U.S. Department of Treasury, Bureau of the Fiscal Service. *Fiscal Service issued* an Administrative Wage Garnishment Order."); (Dkt. 32 at Exhibit B) ("Fiscal Service, the current holder of your outstanding delinquent federal obligation on behalf of the Small Business Administration has placed your account with [Coast] for collection.")

Plaintiff alleges that, at some point, "the alleged debt had been turned over to the United States government for collection through the Social Security Administration," (Dkt. 17 at ¶ 22), and that Coast was acting on behalf of the government in trying to collect the debt. (Dkt. 32 at 3) Coast did not own the debt or garnish Plaintiff's wages. Nor is there an allegation that Coast directed the garnishment of Plaintiff's Social Security Payments. The allegations against Coast are insufficient to establish Coast to be a state actor under the traditional exclusive function test, the coercion test, or the joint action test.

Because Plaintiff has not properly alleged federal question jurisdiction against a private party under the state action doctrine as required under 28 U.S.C. § 1331, Count I against Coast is due to be **DISMISSED**.

    b. Diversity Jurisdiction

Counts II through V are pleaded under diversity jurisdiction, alleging that "this is a matter between citizens of different states and the amount in controversy exceeds $75,000." (Dkt. 17)  Defendant Coast asserts that diversity jurisdiction is not satisfied

6

in the instant case because the Plaintiff does not plausibly allege damages in excess of $75,000. When determining the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). "A plaintiff need only plead an amount sufficient to satisfy the amount-in-controversy requirement in good faith." Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1342 (11th Cir. 2018). "The plaintiff's good-faith pleading will be second guessed only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." Id. If contested, the Court must use a preponderance of the evidence standard to determine whether the amount-in-controversy requirement is met. Dart Cherokee Basin Operating Co., LLC v. Owens, 547 U.S. 81, 88 (2014).[3]

Here, Defendant Coast contests the amount in controversy, stating that the $1,822.16 taken from Plaintiff's social security is the total amount in controversy. Plaintiff states the amount in controversy is satisfied because the U.S. Department of Treasury, through Coast, is trying to collect $75,028.12. This is correct. The Plaintiff is suing over the collection of a $75,028.12 debt. While this is not a collection action against the Defendants, the amount at issue in this suit is the alleged debt, which exceeds $75,000. Since the Plaintiff pleads the amount in controversy in good faith and it does not appear to a legal certainty to be less than $75,000, the Court finds the

---

[3] While this case, and others like it, discuss removal, the Supreme Court stated, "it [i]s anomalous to treat commencing plaintiffs and removing defendants differently with regard to the amount in controversy." Dart Cherokee Basin Operating Co., LLC, 547 U.S. at 553.

amount in controversy to be satisfied. See Fastcase, Inc., 907 F.3d at 1342. Plaintiff has properly pleaded the amount in controversy for diversity jurisdiction.

Further, to satisfy subject matter jurisdiction under 28 U.S.C. § 1332, all litigants on each side of the action must also be citizens of different states from those on the opposite side of the action. That is to say, no Plaintiff may be a citizen of the same state as any defendant.

Corporations have at least two places of citizenship: the principal place of business and place of incorporation. 28 U.S.C. § 1332(c)(1). Individuals only have one. The Complaint states Plaintiff is domiciled in Florida, (Dkt. 17 at ¶ 7), and Coast has a business office in New York (Dkt. 17 at ¶ 3). Plaintiff does not state whether this is Coast's principal place of business, nor does Plaintiff state where Coast is incorporated.

Even though amount in controversy is satisfied, the Complaint is facially defective as to the diversity of citizenship between the parties. Because the Plaintiff has not sufficiently demonstrated complete diversity, the Court cannot exercise subject-matter jurisdiction over Counts II-V. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) ("Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction") (internal quotations omitted). Accordingly, Defendant Coast's Motion to Dismiss is **GRANTED** with respect to Counts II-V.

### III. DEFENDANT PNC's MOTION TO DISMISS

Defendant PNC's Motion to Dismiss is premised on a lack of personal

jurisdiction over PNC under Fed. R. Civ. P 12(b)(2), improper venue under Fed. R. Civ. P 12(b)(3), and failure to state a claim under Fed. R. Civ. P 12(b)(6). Because the forum selection clause is valid, clear, and enforceable, the clause governs the filing of this action. The Court, therefore, does not reach the personal jurisdiction argument or the failure to state a claim argument.

First, it is procedurally improper for Defendant PNC to move to dismiss this case by a Fed. R. Civ. P. 12(b)(3) motion for improper venue instead of a motion to dismiss for forum non conveniens. Don't Look Media LLC v. Fly Victor Ltd., 999 F.3d 1284, 1295–96 (11th Cir. 2021) ("[T]he appropriate way to enforce a forum-selection clause pointing to a ... foreign forum is through the doctrine of forum non conveniens.") (citing Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 60 (2013)). However, since a successful forum non conveniens motion results in dismissal, and the "dismissal motion plainly invoke[s] the forum selection clause," the Court has the discretion to treat the motion as a forum non conveniens motion. Don't Look Media LLC, 999 F.3d at 1296 (internal citations omitted). The Court will do so here.

The suit should be dismissed for forum non conveniens due to the forum selection clause in the contract at issue. "Forum selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009). "A forum selection clause will be invalidated if (1) its formation was induced by fraud or overreaching; (2) the plaintiff

9

would be deprived of his day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." Feggestad v. Kerzner Intl. Bahamas Ltd., 843 F.3d 915, 918 (11th Cir. 2016) (citing Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1296 (11th Cir. 1998)).

Plaintiff, in her complaint, included a copy of the Promissory Note, Mortgage, and Commercial Guaranty, all of which include a "Choice of Venue" provision, requiring Plaintiff to "submit to the jurisdiction of the courts of Middlesex County, State of New Jersey." (Dkt. 17 at Exhibit B-D). In response to PNC's assertion of improper venue due to this provision, Plaintiff states that since the mortgage was canceled and discharged, it is not effective. Plaintiff further states that the "mortgage documents have no relevance to the lawsuit at hand." (Dkt. 39 at 2) However, Plaintiff sues PNC for its alleged failure to notify the SBA that the debt had been satisfied when the SBA purchased the loan. (Dkt. 17 at 5-6) Plaintiff also sues for a violation of due process for a failure to notify Plaintiff of the allegedly extinguished debt. (Id.) Thus, PNC's obligations under the loan serve as the basis of the suit, and the Promissory Note has a choice of venue provision stating, "[i]f there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Middlesex County, State of New Jersey." (Id. at Exhibit B) Because the suit is premised on duties arising out of or in connection with the mortgage and the alleged debt, the forum selection clause in this documents governs.

Furthermore, Plaintiff makes no claims to support an invalidation of the forum

10

selection clause. Thus, the forum selection clause is presumptively valid, and Counts I-V against Defendant PNC are due to be **DISMISSED** for <u>forum non conveniens</u>. If Plaintiff intends to pursue a claim against PNC, Plaintiff must do so in accordance with the forum selection clause.

### IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant Coast's Motion to Dismiss, (Dkt. 23), is **GRANTED**.

2. Defendant PNC's Motion to Dismiss, (Dkt. 36), is **GRANTED** for <u>forum non conveniens</u>. If Plaintiff intends to pursue her claims against Defendant PNC, she must file her action in the jurisdiction of the courts of Middlesex County, State of New Jersey.

3. Plaintiff shall have **SEVEN (7) DAYS** from the date of this Order to file a notice with the Court advising whether she would prefer 1) that the Court **dismiss** this action **with respect to Defendant PNC** so she may refile in the proper forum or 2) that the Court **transfer** this action **with respect to Defendant PNC** to a district court in the proper forum State. If Plaintiff does not file a notice with the Court within the time permitted, **the Court will dismiss this action without prejudice without further notice.**

4. Plaintiff's Second Amended Complaint, (Dkt. 17), is **DISMISSED WITHOUT PREJUDICE as to Defendant Coast.**

**5.** If Plaintiff intends to pursue her claims against Defendant Coast, she shall, **WITHIN TWENTY-ONE (21) DAYS OF THE DATE OF THIS ORDER**, file a Third Amended Complaint against Coast if subject matter jurisdiction can be properly alleged. **Failure to file an amended complaint or a request for an extension of the deadline within this deadline will result in the dismissal of this action with prejudice.**

**DONE** and **ORDERED** in Tampa, Florida this 19th day of September 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person